UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Kendrick Smalls, | ) | C/A No. 6:09-2654-TLW-WMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **Report and Recommendation** |
| | ) | |
| South Carolina Department of Corrections; | ) | |
| Turbeville Correction Institution; | ) | |
| Officer McCullums, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The Plaintiff, Kendrick Smalls (Plaintiff), proceeding *pro se*, brings this action

pursuant to 42 U.S.C. § 1983.[1] Plaintiff is an inmate at Turbeville Correctional Institution,

a facility of the South Carolina Department of Corrections (SCDC), and files this action *in

forma pauperis* under 28 U.S.C. § 1915. The complaint names SCDC, Turbeville

Correctional Institution, and an SCDC employee as Defendants.[2] The complaint should

be dismissed for failure to state a claim upon which relief may be granted.


### Pro Se and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been

made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915;

28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat.

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007); *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to

allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Background

Plaintiff claims that, on May 12, 2009, he was given permission by a teacher to leave the class in order to use the restroom. However, Plaintiff met Defendant McCullums in the doorway and was told to return to the classroom. Plaintiff states he "started walking slow" and Defendant McCullums "started pushing [Plaintiff]." Plaintiff and Defendant McCullums then began "arguing and exchanging words" over Plaintiff's lack of speed in returning to class. Plaintiff states Defendant McCullums said, "I don't have to take this" and discharged mace into Plaintiff's face. Plaintiff "dropped to the floor to let [Defendant McCullums] know [Plaintiff] wasn't resisting," but Defendant McCullums continued spraying the chemical munitions until the can was empty. Plaintiff claims Defendant McCullums then started "trying to rough [Plaintiff] up." Plaintiff was placed in a holding cell for approximately thirty minutes, where he used water from a toilet to wash the chemicals from his face. Plaintiff was later taken to medical but apparently refused treatment, "cause the same thing they do to us we can do for ourself." Plaintiff states he now sometimes has blurry vision in his right eye. Plaintiff seeks monetary damages.

## Discussion

Plaintiff files the instant action pursuant to 42 U.S.C. § 1983. In order to state a cause of action under § 1983, a plaintiff must allege that: *(1)* "some person has deprived

him of a federal right", and *(2)* "the person who has deprived him of that right acted under color of state or territorial law." *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). *See also* 42 U.S.C. § 1983; *Monroe v. Pape*, 365 U.S. 167, 171 (1961).

As an initial matter, Defendant Turbeville Correctional Institution is not amenable to suit under § 1983. It is well settled that only "persons" may act under color of state law, therefore, a defendant in a section 1983 action must qualify as a "person." Several courts have held that inanimate objects such as buildings, facilities, and grounds do not act under color of state law. *See Allison v. California Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969)(California Adult Authority and San Quentin Prison not "persons" subject to suit under 42 U.S.C. § 1983); *Preval v. Reno*, 57 F.Supp.2d 307, 310 (E.D. Va. 1999)("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983"); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301(E.D. N.C. 1989)("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit"). Defendant Turbeville Correctional Institution is a facility used to house inmates. As such this Defendant is not a "person" subject to suit under § 1983 and is, therefore, entitled to summary dismissal from the instant action.

Plaintiff also names the South Carolina Department of Corrections (SCDC) as a Defendant in this case. However, SCDC is protected from suit by the Eleventh Amendment. The Eleventh Amendment forbids a federal court from rendering a judgment against an unconsenting state in favor of a citizen of that state. *Edelman v. Jordan*, 415 U. S. 651, 663 (1974). Although this language does not explicitly prohibit a citizen of a state from suing his own state in federal court, the Supreme Court in *Hans v. Louisiana*,

134 U. S. 1 (1890), held that the purposes of the Eleventh Amendment, i.e. protection of a state treasury, would not be served if a state could be sued by its citizens in federal court. The Eleventh Amendment also bars this Court from granting injunctive relief against the state or its agencies. *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 58 (1996)("the relief sought by plaintiff suing a State is irrelevant to the question whether the suit is barred by the Eleventh Amendment"); *Alabama v. Pugh*, 438 U. S. 781 (1978). State agencies and state instrumentalities, such as Defendant SCDC, share this immunity when they are the alter egos of the state. *See Regents of the University of California v. Doe*, 519 U.S. 425, 429 (1997).[3] As Defendant SCDC is immune from suit under § 1983, this Defendant is also entitled to summary dismissal from the instant action.

Next, Plaintiff names Defendant McCullums as the SCDC officer who allegedly used excessive force during the May 12, 2009 incident. As an SCDC employee, Defendant McCullums is a "person" amenable to suit under § 1983. However, to state a viable § 1983 claim for damages arising from the use of excessive force, a plaintiff must allege that he suffered more than a *de minimis* injury as a result of the excessive force. *See Norman v. Taylor*, 25 F.3d 1259, 1263 (4th Cir. 1994)(en banc)("absent the most extraordinary circumstances, a plaintiff cannot prevail on an Eighth Amendment excessive force claim if his injury is *de minimis*"). In *Taylor v. McDuffie*, 155 F.3d 479 (4th Cir.1998), the Fourth Circuit held, "[e]ven if there is a genuine issue of material fact as to whether Defendants

---

[3] While the United States Congress can override Eleventh Amendment immunity through legislation, Congress has not overridden the states' Eleventh Amendment immunity in § 1983 cases. *See Quern v. Jordan*, 440 U. S. 332, 343 (1979). In addition, a State may consent to a suit in a federal district court. *See Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 99 & n. 9 (1984). However, the State of South Carolina has not consented to such actions. *See* S. C. Code Ann. § 15-78-20(e).

behaved maliciously or sadistically after the need for force has subsided," the plaintiff must also demonstrate that his or her injuries "resulting from such force are more than *de minimis.*" *Id.* at 483 (citing *Riley v. Dorton*, 115 F.3d 1159, 1166 (4th Cir. 1997)) . The Fourth Circuit further held that a showing of more than a *de minimis* injury is an "element essential" to an excessive force claim. *Taylor*, 155 F.3d at 483.

The issue of whether an injury is *de minimis* may be found "as a matter of law." *Carter v. Morris*, 164 F.3d 215, 219 n. 3 (4th Cir. 1999) (plaintiff's claimed injury so "insubstantial that it cannot as a matter of law support her claim . . . ."). Furthermore, it has been held that allegations showing only pushing or shoving and temporary pain and/or swelling, but not permanent injury, following a forcible incident are not sufficient to support a claim for damages under 42 U.S.C. § 1983. *See Wertish v. Krueger,* 433 F.3d 1062, 1067 (8th Cir. 2006)(relatively minor scrapes and bruises and the less-than-permanent aggravation of a prior shoulder condition were *de minimis* injuries and insufficient to support claim of excessive force); *Carter*, 164 F.3d at 219 n.3 (claim that handcuffs were too tight and that an officer pushed plaintiff's legs as she got into the police car did not support claim); *Norman*, 25 F.3d at 1263-64 (swollen thumb was *de minimis*). *See also Taylor v. McDuffie,* 155 F.3d 479, 484 (4th Cir. 1998)("temporary swelling and irritation is precisely the type of injury this Court considers *de minimis*").

In the present case, Plaintiff alleges that his eyes burned from contact with the mace, however, Plaintiff refused medical attention when offered. Courts have often held that temporary, acute pain caused by the use of chemical munitions, such as pepper spray and mace, do not cause more than *de minimis* pain or injury, provided the inmate is

promptly provided with medical care or an adequate opportunity to rinse the chemicals from his person. *See e.g., Jackson v. Morgan*, No. 00-6129, 2001 WL 1116275, at *3-5 (4th Cir. Sept. 24, 2001) (concluding 12 blasts of pepper spray did not cause more than de minimis injury); *Germain v. Ruzicka*, No. 99-6979, 2000 WL 139255, at *2-3 (4th Cir. Feb. 8, 2000) (per curiam) (mace)*; Williams v. Dehay*, Nos. 94-7114, 94-7115, 1996 WL 128422, at *2-3 (4th Cir. Mar. 21, 1996) (per curiam) (concluding the use of mace caused no more than de minimis pain or injury); *Hicks v. Simpkins*, No. Civ. A. 7:06CV00463, 2006 WL 2303179 at *3 (W.D.Va. Aug. 9, 2006) (pepper spray).   In the present action, Plaintiff was able to wash the chemical munitions from his eyes in a holding cell and was offered medical attention shortly after being exposed to the mace.  As such, Plaintiff did not suffer a cognizable injury at the time of the incident.

Plaintiff also claims that he "just started having problems with my right eye I can't see half of the time and I have to strain out to see when it starts getting blurry."  However, Plaintiff provides no indication that he has notified prison officials of any injury resulting from his exposure to mace or that Plaintiff has requested or received medical attention for this condition.  Plaintiff's complaint of occasional blurry vision in one eye, beginning nearly five months after the date Plaintiff was sprayed with chemical munitions, is insufficient to state a cognizable excessive force claim.  *See Butler v. Cole*, No. 03-11037, 2004 WL 362251, at **1 (5th Cir. Feb. 27, 2004)(blurry vision, reported two months after altercation between officer and inmate, constituted *de minimis* injury); *Koon v. Dyson*, No. C/A 8:01-3398-22RRY, 2004 WL 3217870, at *4-5 (D.S.C. Sept. 30, 2004)(blurry vision nine days after exposure to pepper spray held *de minimis* as Plaintiff never reported any injury from

the spray and made no request to receive medical treatment). As the information submitted by Plaintiff appears to show no more than *de minimis* injury, Plaintiff's Eighth Amendment excessive force claim must fail.

However, it is noted that, even if Plaintiff's injuries were deemed sufficient to state a cognizable excessive force claim, the instant case would still be subject to summary dismissal for Plaintiff's failure to exhaust administrative remedies. The Prison Litigation Reform Act's (PLRA) exhaustion requirement provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

In the instant case, Plaintiff's complaint clearly states that he has not filed an administrative grievance concerning the claim raised in this civil action. *See* Plaintiff's Complaint, page 2). Lack of exhaustion of administrative remedies is considered an affirmative defense and not a jurisdictional infirmity. *Jones v. Bock*, 549 U.S. 199, 216 (2007). However, if the lack of exhaustion is apparent from the face of the prisoner's complaint, *sua sponte* dismissal prior to service of the complaint is appropriate. *See Anderson v. XYZ Correctional Health Services*, 407 F.3d 674, 683 (4th Cir. 2005). In the present action, it is readily apparent from the face of Plaintiff's complaint that he has not even attempted to utilize the administrative grievance process. Therefore, Plaintiff's action is subject to summary dismissal.

## Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance of service of process. Plaintiff's attention is directed to the important notice on the next page.

s/William M. Catoe
United States Magistrate Judge

October 27, 2009
Greenville, South Carolina

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P. O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).